UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

JOSE ELEODORO LOPEZ MENESES and JORGE RODRIGUEZ SANCHEZ,

Case No. 15-CV-09645 (JGK)

Plaintiffs,

**SECOND AMENDED COMPLAINT**

-vs-

WYETH, INC., JOHN BIRCH, TIFFANY VASSILAKIS, MISSI BULLOCK, and BARBARA MASANA,

Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

Plaintiffs, JOSE ELEODORO LOPEZ MENESES and JORGE RODRIGUEZ SANCHEZ, by and through their attorneys, ROSS & ASMAR LLC, complaining of the Defendants, hereby allege as follows:

## THE PARTIES

1.　Plaintiff JOSE ELEODORO LOPEZ MENESES, (hereinafter "Lopez") is an individual residing in Brooklyn, New York.

2.　Plaintiff JORGE RODRIGUEZ SANCHEZ, (hereinafter "Sanchez") is an individual residing in Brooklyn, New York.

3.　Upon information and belief, Defendant WYETH, INC. ("Wyeth") was and is a domestic corporation whose principal place of business is located at 315 Spring Street, New York, New York 10013.

4.　Upon information and belief, Defendant JOHN BIRCH (hereinafter "Birch") is an individual whose actual place of business is located at 315 Spring Street, New York, New York 10013.

5.　Upon information and belief, at all times herein pertinent, Defendant Birch, served as a

1

principal, officer and/or manager of Defendant Wyeth.

6. Upon information and belief, Defendant MISSI BULLOCK (hereinafter "Bullock") is an individual whose actual place of business is located at 315 Spring Street, New York, New York 10013.

7. Upon information and belief, at all times herein pertinent, Defendant Bullock, served as a principal, officer and/or manager of Defendant Wyeth.

8. Upon information and belief, Defendant TIFFANY VASSILAKIS (hereinafter "Vassilakis"), previously sued herein as Stephanie Vassilakis, is an individual whose actual place of business is located at 315 Spring Street, New York, New York 10013.

9. Upon information and belief, at all times herein pertinent, Defendant Vassilakis, served as a principal, officer, and/or manager of Defendant Wyeth.

10. Upon information and belief, Defendant BARBARA MASANA (hereinafter "Masana"), is an individual whose actual place of business is located at 315 Spring Street, New York, New York 10013.

11. Upon information and belief, at all times herein pertinent, Defendant Masana served as a principal, officer, and/or manager of Defendant Wyeth.

12. Defendant Masana was responsible for assigning and calculating hours worked by Plaintiffs.

13. Upon information and belief, for the calendar year 2012 the gross receipts of Wyeth were greater than $500,000.00.

14. Upon information and belief, for the calendar year 2013 the gross receipts of Wyeth were greater than $500,000.00.

15. Upon information and belief, for the calendar year 2014 the gross receipts of Wyeth

were greater than $500,000.00.

16. Upon information and belief, for the calendar year 2015 the gross receipts of Wyeth were greater than $500,000.00.

17. Upon information and belief, for the calendar year 2016 the gross receipts of Wyeth will be greater than $500,000.00

## JURISDICTION AND VENUE

18. Jurisdiction is based upon 28 U.S.C. § 1331, insofar as it involves a statute of the United States, specifically, the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 et seq., and Plaintiff relies upon 28 U.S.C. § 1367 to invoke supplemental jurisdiction with respect to the state law claims which form another basis for recovery upon the same factual nexus, specifically Articles 6 & 19 of the Labor Law and 12 NYCRR § 142-2.2 and 12 NYCRR § 142-2.4.

19. Venue is based upon 28 U.S.C. § 1391(b)(1), insofar as at least one of the Defendants resides within this Judicial District, and (b)(2), insofar as a substantial part of the events giving rise to the within causes of action occurred in this Judicial District.

## FACTUAL ALLEGATIONS

20. At all times herein pertinent, the Defendants, and each of them, were engaged in an industry having an effect on commerce within the meaning of 29 U.S.C. § 203.

21. At all times herein pertinent, and in the course of their duties, Plaintiffs regularly handled products which had been moved in commerce.

22. Wyeth operates as a furniture store and/or design service.

23. Plaintiff Lopez was employed by the Defendants from on or about November 2010 to on or about November 2015.

24. Plaintiff Lopez was assigned various duties including but not limited to deliveries, stock,

and repairs.

25. Plaintiff Lopez worked a minimum of 70 to 75 hours per week.

26. Plaintiff Sanchez regularly worked in excess of 10 hours per day.

27. Plaintiff Lopez was compensated at $15 per hour.

28. Plaintiff Lopez regularly worked for the Defendants in excess of forty (40) hours a week but never received an overtime premium of one and one half times his regular rate of pay for those hours

29. Plaintiff Sanchez was employed by the Defendants from on or about November 2006 to on or about November 2015.

30. Plaintiff Sanchez was assigned various duties including but not limited to driving and making deliveries.

31. Plaintiff Sanchez worked at a minimum 70 hours per week.

32. Plaintiff Sanchez regularly worked in excess of 10 hours per day.

33. Plaintiff Sanchez was compensated at $18.00 per hour.

34. Plaintiff Sanchez regularly worked for the Defendants in excess of forty (40) hours a week but never received an overtime premium of one and one half times his regular rate of pay for those hours.

35. The Defendant Birch had the power to hire employees.

36. The Defendant Birch controlled the terms of Plaintiffs employment in that he would tell them what tasks to complete and on what time frame they needed to be completed.

37. The Defendant Birch controlled the work schedule of all of the employees of Wyeth, including the Plaintiffs' work schedules.

38. The Defendant Birch controlled the rates and methods of payment of each of the

employees of Wyeth, including the Plaintiffs' pay rates and methods of pay.

39. At all times herein pertinent, the Plaintiffs performed their duties for Defendant Wyeth at the direction and under the control of Defendant Birch.

40. Upon information and belief, and at all times herein pertinent, Defendant Birch exercised close control over the managerial operations of Wyeth including the policies and practices concerning employees.

41. At all times herein pertinent, Defendant Birch controlled the terms and conditions of employment, supervised employees, made decisions as to hiring and firing and as to wages with respect to the employees of Wyeth in general, and with respect to the Plaintiffs in particular.

42. Defendant Birch was a principal, officer and/or manager of Wyeth.

43. At all times herein pertinent, Defendant Birch acted as Plaintiffs' employer within the meaning of the FLSA and the New York State Labor Law.

44. The Defendant Bullock had the power to hire employees.

45. The Defendant Bullock controlled the terms of Plaintiffs employment in that she would tell them what tasks to complete and on what time frame they needed to be completed.

46. The Defendant Bullock controlled the work schedule of all of the employees of Wyeth, including the Plaintiffs' work schedules.

47. The Defendant Bullock controlled the rates and methods of payment of each of the employees of Wyeth, including the Plaintiffs' pay rates and methods of pay.

48. At all times herein pertinent, the Plaintiffs performed their duties for Defendant Wyeth at the direction and under the control of Defendant Bullock.

49. Upon information and belief, and at all times herein pertinent, Defendant Bullock exercised close control over the managerial operations of Wyeth including the policies and practices

concerning employees.

50. At all times herein pertinent, Defendant Bullock controlled the terms and conditions of employment, supervised employees, made decisions as to hiring and firing and as to wages with respect to the employees of Wyeth in general, and with respect to the Plaintiffs in particular.

51. Defendant Bullock was a principal, officer and/or manager of Wyeth.

52. At all times herein pertinent, Defendant Bullock acted as Plaintiffs' employer within the meaning of the FLSA and the New York State Labor Law.

53. The Defendant Vassilakis had the power to hire employees.

54. The Defendant Vassilakis controlled the terms of Plaintiffs employment in that she would tell them what tasks to complete and on what time frame they needed to be completed.

55. The Defendant Vassilakis controlled the work schedule of all of the employees of Wyeth, including the Plaintiffs' work schedules.

56. The Defendant Vassilakis controlled the rates and methods of payment of each of the employees of Wyeth, including the Plaintiffs' pay rates and methods of pay.

57. At all times herein pertinent, the Plaintiff's performed their duties for Defendant Wyeth at the direction and under the control of Defendant Vassilakis.

58. Upon information and belief, and at all times herein pertinent, Defendant Vassilakis exercised close control over the managerial operations of Wyeth including the policies and practices concerning employees.

59. At all times herein pertinent, Defendant Vassilakis controlled the terms and conditions of employment, supervised employees, made decisions as to hiring and firing and as to wages with respect to the employees of Wyeth in general, and with respect to the Plaintiffs in particular.

60. Defendant Vassilakis was a principal, officer and/or manager of Wyeth.

61. At all times herein pertinent, Defendant Vassilakis acted as Plaintiffs' employers within the meaning of the FLSA and the New York State Labor Law.

62. The Defendant Masana had the power to hire employees.

63. The Defendant Masana controlled the terms of Plaintiffs employment in that she would tell them what tasks to complete and on what time frame they needed to be completed.

64. The Defendant Masana controlled the work schedule of all of the employees of Wyeth, including the Plaintiffs' work schedules.

65. The Defendant Masana controlled the rates and methods of payment of each of the employees of Wyeth, including the Plaintiffs' pay rates and methods of pay.

66. At all times herein pertinent, the Plaintiff's performed their duties for Defendant Wyeth at the direction and under the control of Defendant Masana.

67. Upon information and belief, and at all times herein pertinent, Defendant Masana exercised close control over the managerial operations of Wyeth including the policies and practices concerning employees.

68. At all times herein pertinent, Defendant Masana controlled the terms and conditions of employment, supervised employees, made decisions as to hiring and firing and as to wages with respect to the employees of Wyeth in general, and with respect to the Plaintiffs in particular.

69. Defendant Masana was a principal, officer and/or manager of Wyeth.

70. At all times herein pertinent, Defendant Masana acted as Plaintiffs' employers within the meaning of the FLSA and the New York State Labor Law.

*AS AND FOR A FIRST CAUSE OF ACTION*
*FEDERAL FAIR LABOR STANDARDS ACT*
*AGAINST THE DEFENDANTS, AND EACH OF THEM*
*(OVERTIME)*

71. The Plaintiffs hereby incorporate all preceding paragraphs of this complaint with the same force and effect as if fully set forth at length.

72. All of the foregoing constituted willful and repeated violations of the Fair Labor Standards Act, so the applicable statute of limitations is three years pursuant to 29 U.S.C. § 255(a).

73. The Defendants herein knowingly and willfully violated 29 U.S.C. § 207 by failing to pay Plaintiffs overtime pay at the premium rate of one and one half times Plaintiffs' regular rates of pay.

74. Plaintiffs have been damaged in an amount to be determined at trial.

*AS AND FOR A SECOND CAUSE OF ACTION*
*STATE WAGE AND HOUR LAW*
*AGAINST THE DEFENDANTS, AND EACH OF THEM*
(OVERTIME)

75. The Plaintiffs hereby incorporate all preceding paragraphs of this complaint with the same force and effect as if fully set forth at length.

76. The Defendants herein knowingly and in bad faith violated Articles 6 & 19 of the New York State Labor Law and 12 NYCRR § 142-2.2 by failing to pay Plaintiffs overtime pay at the premium rate of one and one half times Plaintiffs' regular rate of pay.

77. Plaintiffs have been damaged in an amount to be determined at trial.

*AS AND FOR A THIRD CAUSE OF ACTION*
*NEW YORK STATE LABOR LAW*
*AGAINST THE DEFENDANTS, AND EACH OF THEM*
(FAILURE TO PROVIDE WAGE NOTICE)

78. The Plaintiffs hereby incorporate all preceding paragraphs of this complaint with the same force and effect as if fully set forth at length.

79. Defendants failed to provide wage notices and accurate wage statements as required by NYLL § 195 and the Wage Theft Prevention Act.

80. Plaintiffs have been damaged in an amount to be determined at trial.

<em><u>AS AND FOR A FOURTH CAUSE OF ACTION<br>NEW YORK STATE LABOR LAW<br>AGAINST THE DEFENDANTS, AND EACH OF THEM</u></em><br><u>(SPREAD-OF-HOURS)</u>

81. The Plaintiffs hereby incorporate all preceding paragraphs of this complaint with the same force and effect as if fully set forth at length.

82. The Defendants herein knowingly, willfully and in bad faith violated Articles 6 & 19 of NYLL, and more particularly 12 NYCRR § 142-2.4, by failing to pay Plaintiffs one additional hour of pay at the prevailing minimum wage for each day during which there was a split shift and/or the spread of hours exceeded 10 hours.

83. Plaintiffs have been damaged in an amount to be determined at trial.

**WHEREFORE,** Plaintiffs pray for judgment as against the Defendants, and each of them, as follows:

(a) directing defendants to pay overtime premium pay, and spread-of-hours pay to the Plaintiffs;
(b) directing defendants to provide the required wage notices;
(c) awarding Plaintiffs damages for the amount of unpaid wages, including overtime premiums under the FLSA and/or NYLL, and spread-of-hours under the NYLL;
(d) awarding Plaintiffs liquidated damages pursuant to 29 U.S.C. § 216(b) and/or New York State's Labor Law, Articles 6 & 19, §§ 198(1-a), 663(1);
(e) declaring defendants' conduct complained of herein to be in violation of the plaintiffs' rights as secured by the NYLL;
(f) awarding plaintiffs pre-judgment interest;
(g) awarding the costs and disbursements of this action, along with reasonable attorney's fees pursuant to 29 U.S.C. § 216(b) and/or New York State's Labor Law, Articles 6 & 19, §§ 198(1-a), 663(1);

(h) awarding injunctive and any other relief this Court deems just, proper and equitable.

Dated: New York, New York
June 17, 2016

Respectfully submitted,

_____
By: Steven B. Ross, Esq. (SR 5059)
steven@rossasmar.com
Eric Dawson, Esq. (ED 0610)
edawson@rossasmar.com
Ross & Asmar LLC
499 Seventh Avenue
23rd Floor South Tower
New York, NY 10018
(212) 736-4202